**Michael McCRAY, Plaintiff-Appellee,**

v.

**Robert ABRAMS, Defendant-Appellant.**

**No. 1272, Docket 84–2026.**

United States Court of Appeals, Second Circuit.

March 4, 1985.

## ORDER

A request for an in banc vote having been made by one of the active judges, and a poll of the judges in regular active service having been taken, a majority of the Court has voted not to reconsider the decision in banc.

JON O. NEWMAN, Circuit Judge, concurring in denial of rehearing in banc:

The holding in this case is that the Constitution prevents the State of New York from systematically using its peremptory challenges against Black and Hispanic members of the jury venire in the absence of some plausible reason, not based on race or national origin, for doing so. The case is remanded for determination of whether such reason exists. The decision is important, both because of what it holds and because of the issues it raises for the future concerning the permissible use of peremptory challenges. Among these are whether the prosecution is similarly limited with respect to group-based challenges against persons identified other than by race or national origin, whether the remedy of striking the venire is mandatory or only an option available to the defendant, and whether similar limitations on the exercise of peremptory challenges apply to a defendant. Language in the opinion of the panel majority touches on some of these issues.

In some circumstances, in banc reconsideration of a case of this magnitude would be warranted. Doing so would afford the full Court an opportunity to determine whether to endorse the holding, whether the constitutional principle underlying such a holding is the fair trial guarantee of the Sixth Amendment or the equal protection guarantee of the Fourteenth Amendment, and whether any authoritative guidance should now be given the trial courts concerning the unresolved issues raised by the panel ruling. However, the appropriateness of in banc reconsideration is undermined by the lack of adversity between the litigants on the central issue in the case: The prosecutor agrees with the defendant that the State may not systematically use peremptory challenges against Blacks and Hispanics in the absence of reasons unrelated to race or national origin. The only dispute presented by the prosecutor is whether such reasons exist in this case, a matter the panel has returned to the District Court for determination.

In light of the prosecutor's litigating stance, this is not the case in which to determine the issues implicated by the panel's holding. Those issues can be expected to arise in future litigation, to be properly framed by adverse litigants, and to be carefully considered and resolved by future panels, and, if appropriate, by the full Court.

One of the most grievous assaults on the perception and substance of criminal justice is the trial of a Black defendant by an all-White jury from which eligible Blacks have been excluded by action of the state because they are Black. The panel's holding imposes a constitutional bar upon state efforts to obtain such a pernicious result. In banc reconsideration of that holding, uncontested by the litigants, is not warranted.

WINTER, Circuit Judge, with whom VAN GRAAFEILAND and MESKILL, Circuit Judges, join, dissenting from the denial of rehearing en banc:

The panel opinion is in my view a paradigm case for in banc consideration. It can hardly be denied that the issues raised are of "exceptional importance" within the meaning of Fed.R.App.P. 35(a). The decision, rendered by a sharply divided panel, is without federal precedent and alters the very nature of peremptory challenges by compelling scrutiny of the motive underlying the exercise of such challenges. Because it is a constitutional decision, it affects the manner in which juries are selected in every criminal case in the state or federal courts within this circuit.

The effects are likely to be dramatic. For example, many federal courts presently permit only a limited voir dire of prospective jurors thus leaving prosecutors

with little to go on in exercising peremptory challenges other than the membership of such a juror in a "cognizable group." Such membership, however, is an improper criterion for the exercise of such a challenge under the panel opinion. Major changes in the present practice of selecting juries may thus be necessary.

The consequences of this decision might seem less serious if the Supreme Court of the United States were likely to review this particular case. However, it appears that the "losing party," the Brooklyn District Attorney, sought the ruling in question and will not seek review in the Supreme Court. Indeed, she has praised the ruling as a "landmark decision," National L.J., Dec. 7, 1984 at 46, col. 1, and in a letter to the editor of the New York Times, took credit for the panel decision, N.Y. Times, Dec. 21, 1984, at A34, col. 6. The present decision thus will become final upon the denial of rehearing, and all trial courts within this circuit will be obliged to comply with it.

Judge Newman concurs in the denial of rehearing on the grounds that the lack of adversity between the litigants limits the precedential effect of the panel decision solely to challenges based on race or national origin. It appears to be his position that the panel decision went farther than was necessary in light of the agreement among the parties that the equal protection clause applied. He concludes, therefore, that the rationale of the panel majority is not binding on succeeding panels. I do not share that view.

If the lack of adversity with regard to the equal protection clause undermines the precedential effect of the panel decision, it does so in its entirety. A concession as to applicable law by a party to litigation does not bind parties to subsequent litigation. Had the panel simply accepted the concessions without regard to whether they were necessitated by or consistent with existing law, its decision would not be of any significance for future cases. In contrast, the panel decision has precedential effect precisely because the majority made an independent determination as to which concessions were consistent with existing law and which were not.[1]

I cannot agree, therefore, that future panels are free to ignore the rationale of the panel decision. Judge Kearse's opinion laid out in great detail the reasons justifying the result reached. Briefly stated, it reasoned that the equal protection clause does not prohibit "the prosecution's racially discriminatory use of its peremptory challenges ... in a single case," *McCray v. Abrams*, 750 F.2d 1113, 1124 (2d Cir.1984), but that the sixth amendment prohibits peremptory challenges which exclude from a particular petit jury "a cognizable group in the community ... on the basis of the individual venirepersons' group affiliation," *id.* at 1131–32. Judge Newman disagrees with this rationale albeit he would reach the same result. I would suggest that the only viable remedy for such a disagreement is to rehear the decision in banc, not to discard the rationale in the next case heard by a different panel. A circuit with thirteen active judges which sits in many different panels cannot construct a coherent jurisprudence, or maintain a spirit of collegiality and courtesy among its members, if carefully considered decisional rationales may be routinely ignored by successive panels.

I therefore dissent from the denial of rehearing in banc.

VAN GRAAFEILAND, Circuit Judge, concurring in the dissenting opinion of WINTER, Circuit Judge:

I concur fully in the dissent of Judge Winter. A decision that places defense attorneys in a position where, in order to avoid a claim of inadequate representation, they feel compelled to contest every exercise of a peremptory challenge by the prosecution on the ground that it is based on

---

1. To the extent Judge Newman's concurrence in the denial of rehearing raises the issue of the appropriateness of the panel's addressing such far-reaching issues in a case lacking in adversity, he underlines the need for in banc consideration.

race, color, creed, sex or age, should have the support of more than two judges.