### DELLA PALMA ICE CREAM OF ROME, INC., Plaintiff,

v.

### CAFFE DELLE PALME and John Does 1 and 2, Defendants.

### No. 85 CV 1273.

United States District Court, E.D. New York.

May 10, 1985.

---

Fish & Neave, New York City by Herbert F. Schwartz, and Susan Progoff, for plaintiff.

John Santospirito, Long Island City, N.Y., for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under the common law of the State of New

York for trademark infringement and unfair competition. Plaintiff, which operates restaurants and gelaterias using the name CAFE DELLA PALMA and a distinctive palm tree design, seeks a preliminary injunction prohibiting defendants from operating a restaurant and gelateria using the name CAFFE DELLE PALME and a similar design. For the reasons set forth below, plaintiff's motion is granted.

### Facts

Plaintiff is the exclusive United States licensee of Gellateria Della Palma, a well-known gelateria in Rome, Italy. Since 1973, Gelateria Della Palma has used the mark and name DELLA PALMA in connection with its restaurant and gelateria. In 1983, plaintiff's predecessor in interest, Darvart Global Marketing Group, Inc., acquired the exclusive right to use the mark DELLA PALMA in the United States and Canada in connection with restaurants and gelaterias, ice cream, gelato and other frozen desserts, and Italian pastries. This exclusive right was assigned to plaintiff in 1984, and was recently confirmed by a license running directly from Gelateria Della Palma to plaintiff.

Plaintiff's first CAFE DELLA PALMA restaurant and gelateria opened in June 1984 on Columbus Avenue in New York City. A second restaurant opened shortly thereafter in Westhampton, New York. Since opening, these restaurants have received a substantial amount of favorable media publicity. The name CAFE DELLA PALMA and the palm tree design are prominently displayed on the window of each restaurant and on a flag located outside the restaurant. In addition, the name and design are used on menus, ice cream cups and other take-out containers, as well as on street vending carts. Plaintiff also uses the name and palm design in connection with its business of selling DELLA PALMA gelato to restaurants, gourmet stores, caterers and offices in and around New York.

Plaintiff expects that within the next few months, at least two additional CAFE DEL-LA PALMA restaurants will open in New York City, along with one restaurant in Beverly Hills, California. In addition, negotiations are currently underway regarding locations in Texas and North Carolina. Plaintiff is currently attempting to secure financing for a production facility that would enable it to open a number of new retail outlets throughout the United States. Finally, plaintiff is exploring the possibility of franchising the CAFE DELLA PALMA mark and name for restaurants and for frozen and other Italian desserts.

Defendants opened their restaurant in Maspeth, Queens on March 16, 1985 (less than two months ago), using the name CAFFE [with 2 f's] DELLE PALME [the Italian plural of Della Palma]. The name CAFFE DELLE PALME and a palm tree design prominently appear on the restaurant awning, a neon sign, and defendants' business cards. The restaurant awning also displays the words "gelati," "espresso," and "cappuccino," emphasizing the restaurant's specialties.

On March 14, 1985, plaintiff learned of defendants' plan to open their restaurant. Plaintiff's attorney wrote to defendant the next day—one day before defendants' restaurant opened—informing them that their use of the CAFFE DELLE PALME mark and palm tree design infringed on plaintiff's trademark, CAFE DELLA PALMA, and requesting that defendants change the name of their restaurant. This action was instituted upon defendants' refusal to comply.

### Discussion

In this Circuit, a party seeking preliminary injunctive relief must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979).

■ The Second Circuit has recently emphasized the requirement that a district court make explicit findings regarding irreparable harm in trademark cases. *Citibank, N.A. v. Citytrust and Citytrust Bancorp, Inc.*, 756 F.2d 273 (1985). In addition to the harm that plaintiff will suffer because of the inevitable consumer confusion resulting from defendants' use of the name CAFFE DELLE PALME and the palm tree design, I find that defendants' unauthorized use of a substantially similar mark will seriously jeopardize plaintiff's ongoing negotiations regarding expansion and/or franchising. Clearly, the success of plaintiff's efforts depends upon the exclusivity of its name. Accordingly, I find that plaintiff has established that it will be irreparably harmed by the failure to grant injunctive relief.

■ Likewise, I find that plaintiff has demonstrated a substantial likelihood that it will succeed on the merits of its trademark claim. Plaintiff has clearly established its ownership of the mark in that (a) it is the exclusive licensee of the mark's originator, and (b) it was the first party to use the mark in this country in connection with the relevant products. *Markel v. Scovill Manufacturing Co.*, 471 F.Supp. 1244, 1249–50 (W.D.N.Y.1979), *aff'd* 610 F.2d 807 (2d Cir.1979). Although plaintiff apparently has failed to register its mark, it must be noted that registration is not a prerequisite for protection under § 1125(a). *Warner Bros., Inc. v. Gay Toys, Inc.*, 724 F.2d 327, 329 (2d Cir.1983); *G's Bottoms Up Social Club v. F.P.M. Industries, Inc.*, 574 F.Supp. 1490, 1495 (S.D.N.Y.1983). A mark which is arbitrary or suggestive with respect to the goods or services in connection with which it is used, and which has acquired a secondary meaning, is entitled to a high degree of protection despite the lack of registration. *See Markel*, 471 F.Supp. at 1249.

■ The marks CAFE DELLA PALMA, DELLA PALMA and the palm tree design are arbitrary and fanciful, or at the very least suggestive,[1] when used in connection with restaurants, gelato, ice cream products, and similar goods and services. *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 11 (1976). The DELLA PALMA mark and name has been used since 1973, first in Italy by Gelateria Della Palma, and more recently in the United States by plaintiff. Over that period, plaintiff and its predecessors-in-interest have achieved a reputation for quality, as evidenced by the extensive, unsolicited publicity that plaintiff's restaurants have received. Accordingly, I find that the DELLA PALMA name has acquired a secondary meaning among the gelato-buying public. *See Harlequin Enterprises Ltd. v. Gulf & Western Corp.*, 644 F.2d 946, 949–50 (2d Cir.1981); *Parrot Jungle, Inc. v. Parrot Jungle, Inc.*, 512 F.Supp. 266, 269 (S.D.N.Y.1981).

■ The remaining consideration is whether the relevant public is likely to confuse CAFE DELLA PALMA with CAFFE DELLE PALME. *Playboy Enterprises, Inc. v. Chuckleberry Pub. Inc.*, 687 F.2d 563, 566 (2d Cir.1982). The factors relevant to an assessment of likelihood of confusion include "(1) the strength of the mark, (2) the relatedness of the goods, (3) the similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) likely degree of purchaser care, (7) the defendants' intent in selecting the mark, and (8) the likelihood of expansion of the product lines." *G's Bottoms Up Social Club*, 574 F.Supp. at 1496.

I have already determined that plaintiff's DELLA PALMA mark is a strong mark, in that it is arbitrary and fanciful when used in the restaurant business and has acquired a secondary meaning among gelato buyers. Clearly, the marks in question are virtually identical, particularly when spoken. *Poly-*

---

**1.** The Second Circuit defines a "suggestive" mark as one which "requires imagination, thought and perception to reach a conclusion as to the nature of goods." *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 11 (2d Cir.1976) (*quoting Stix Products, Inc. v. United Merchants & Manufacturers, Inc.*, 295 F.Supp. 479, 488 (S.D.N.Y.1968)).

*lok Corporation v. Valley Forge Fabrics, Inc.,* 566 F.Supp. 263, 265 (S.D.N.Y.1983). Moreover, plaintiff and defendant sell primarily the same product, *i.e.,* gelato and related Italian confections, and thus, appeal to roughly the same consumer group. Finally, plaintiff has presented evidence regarding its plans to expand its business and its product lines.

■ Although plaintiff has not produced evidence of actual confusion or of defendants' bad faith, it is clear that these elements are not prerequisites to a finding of likelihood of confusion. *See Playboy Enterprises,* 687 F.2d at 569. Accordingly, I find that defendants' use of the name CAFFE DELLE PALME will lead to an unavoidable likelihood of confusion among the relevant public.

■ Thus, plaintiff has sustained its burden of proving irreparable harm and a likelihood of success on the merits. In contrast, any harm to defendants will be slight since their business has been open less than two months. Accordingly, and for the reasons set forth above, plaintiff's motion for a preliminary injunction is granted.

SO ORDERED.